Vargas-Cortez v. Holder

BIA
Straus, IJ
A200 689 048

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

ISMAEL VARGAS-CORTEZ,
> *Petitioner,*

v.                                              13-1256
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, New Haven, Connecticut.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Michelle E. Gorden Latour, Deputy Director; Norah A. Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Ismael Vargas-Cortez ("Vargas"), a native and citizen of Mexico, seeks review of a March 13, 2013, decision of the BIA affirming the March 28, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ismael Vargas-Cortez*, No. A200 689 048 (B.I.A. Mar. 13, 2013), *aff'g* No. A200 689 048 (Immig. Ct. Hartford Mar. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Vargas argues that he demonstrated a well-founded fear of future persecution at the hands of Mexican gangs on two bases: (1) the political opinion imputed to him and his family because of his membership in the Mexican army and police force between 1992 and 1997 and his cousin's deputyship in the government; and (2) his membership in particular social groups consisting of deportees perceived to be wealthy and individuals affiliated with the government. An applicant must establish an objectively reasonable fear of future persecution on account of his race, religion, nationality, actual or imputed political opinion, or particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b), 1231(b)(3)(A).

Vargas testified that Mexican gangs attempted to extort money from his family by threatening to kidnap his sister. The IJ reasonably found that the callers targeted Vargas's family in pursuit of funds and not due to Vargas's residence in the United States or his and his cousin's government service. According to the police report filed by his sister, the callers did not mention Vargas or his cousin, he testified that neither he nor his family were politically active, and he had not been affiliated with the Mexican

3

government for over 15 years. Moreover, the 2010 U.S. State Department travel warning and 2011 Embassy Notices note that kidnapping and extortion of wealthy Mexicans and foreigners is widespread across Mexico. As perceived wealth is not a protected ground, and general civil strife does not establish persecution, the agency did not err in denying asylum and withholding of removal. *See Ucelo-Gomez v. Gonzales*, 509 F.3d 70, 74 (2d Cir. 2007) (holding that harm purely motivated by wealth is not persecution); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (finding that general civil strife does not establish a well-founded fear of persecution).

The IJ also reasonably found that Vargas did not establish a likelihood that he would be tortured by Mexican gangs because, despite the high level of gang violence, Vargas testified that none of his family living in Mexico had been harmed and he did not provide evidence that the Mexican government permits gang violence. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (requiring applicant for CAT relief to show that torture would be perpetrated with the government's consent or acquiescence); *Melgar de Torres,* 191 F.3d at 313 (holding that where

4

similarly situated family members continued to live in alien's native country, claim of future harm was diminished).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Vargas's motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk